2. APPEAL AND ERROR, § 866*—*what abstract must contain.* An appellant must bring before the reviewing court not only in the record, but in the abstract of the record, everything that is necessary for such court to know and intelligently pass upon the question raised on appeal, and a court of review will look only to the abstract for error.

3. APPEAL AND ERROR, § 1786*—*when no reversal possible.* Where an abstract on appeal fails to show an appealable order or a final judgment, there is nothing to reverse even if manifest error had been committed on the trial.

4. APPEAL AND ERROR, § 1744*—*what court will consider in passing on judgment.* A court of review will always look at the record to find reason to affirm a judgment.

5. APPEAL AND ERROR, § 1752*—*when judgment affirmed pro forma.* Where on appeal it appeared from the record that a final judgment was in fact entered on the verdict, such judgment was affirmed *pro forma* for want of a sufficient abstract.

---

## Anna E. Sutherland, Appellant, v. George C. White, Appellee.

### (Not to be reported in full.)

Appeal from the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 13, 1915.

### Statement of the Case.

Action by Anna E. Sutherland, plaintiff, against George C. White, defendant, on a contract for services rendered by the plaintiff in support of the mother of the parties. From a judgment against her, the plaintiff appeals.

LIVINGSTON & BACH and S. P. ROBINSON, for appellant.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

WELTY, STERLING & WHITMORE, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

### Abstract of the Decision.

APPEAL AND ERROR, § 1466*—*when admission of evidence harmless error.* In an action by one of two tenants in common against the other, based on an alleged promise of the defendant to pay the plaintiff at a certain rate for the latter's supporting their mother, *held* that the admission of evidence in support of the defendant's set-off, based upon an alleged overpayment by him to the plaintiff in settlement of their respective rights to the income of the property held in common, was harmless error where the jury found the issue for the plaintiff on such set-off.

---

### W. J. Elzy for use of the Farmers' Bank of Gays, Appellee, v. First National Bank of Findlay, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Coles county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the October term, 1914. Reversed and remanded. Opinion filed October 13, 1915.

### Statement of the Case.

Garnishment proceedings by W. J. Elzy, for use of the Farmers' Bank of Gays, plaintiff, against the First National Bank of Findlay, garnishee. From a judgment for plaintiff, defendant appeals.

This is the second appeal of this cause to this court. The opinion on the former appeal reversing and remanding the case appears in 180 Ill. App. 711, where

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.